James A. McDevitt
United States Attorney
Eastern District of Washington
Joseph H. Harrington
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | CR-08-150-WFN<br>CR-08-173-RHW-007 |
| vs. | United States' Sentencing Memorandum |
| DARTANYAN JUEL TURNER, | |
| Defendant. | |

Plaintiff, United States of America, by and through James A. McDevitt, United States Attorney for the Eastern District of Washington, and Joseph H. Harrington, Assistant United States Attorney for the Eastern District of Washington, submits the following sentencing memorandum.

## Introduction

It appears the Presentence Investigation Report ("PSR"), along with the accompanying Addendum dated September 10, 2009, are complete and accurate. Although the Defendant questioned whether his Guidelines computation should include a 4- level increase based on his possession of a firearm/ ammunition in connection with another felony offense (*see* PSR ¶ 149), he notably failed to mention that he agreed this increase properly applies when he entered the Plea

United States' Sentencing Memorandum - 1
P90914DD.JHB.wpd

Agreement in cause no. CR-08-150-WFN.  *See* Plea Agreement ¶ 10(b) ("United States and [the Defendant] further agree * * * ").[1]

The United States respectfully submits that, at a minimum, a 120-month term of incarceration, followed by a three-year term of supervised release, would be a "reasonable" sentence under the facts and circumstances of these cases and would not be greater than necessary to promote the purpose and policy of the Federal Sentencing Act, 18 U.S.C. § 3553(a).

## Legal Overview

In accordance with the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738 (2005), sentencing courts must engage in a two-step process when imposing a sentence.  The first step requires a court to calculate properly the advisory Guidelines sentencing range.  *See United States v. Cantrell*, 433 F.3d 1269, 1279-80 (9th Cir. 2006).  A sentencing court should use this range as a starting point for its assessment of an appropriate sentence.  *Id.*  The second step requires a sentencing court to impose a "reasonable" sentence in light of all the factors under 18 U.S.C. § 3553(a).  *See United States v. Marcial-Santiago*, 447 F.3d 715, 717 (9th Cir. 2006).[2]  A wide range of sentences may be deemed reasonable.  *See United States v. Mohamed,* 459 F.3d 979, 989 (9th Cir.

---

[1]     The Defendant also raises objections to his Criminal History computation, which objections are plainly academic (having no ultimate impact on his criminal history category) or are properly included in the computation, as note by the Addendum.

[2]     *Cf. U. S. v. Zolp,* 479 F.3d 715, 722 (9th Cir. 2007)(the scheme of downward and upward departures is treated as essentially replaced by the requirement that judges impose a "reasonable" sentence).

United States' Sentencing Memorandum - 2
P90914DD.JHB.wpd

2006) ("reasonableness is a range, not a point." (quoting *United States v. Cunningham*, 429 F.3d 673, 679 (7th Cir. 2005)).[3]

### A.  Step One: Guidelines Calculation

The PSR appears to have correctly calculated the advisory Guidelines. With respect to the firearms-related offenses, the Defendant's base offense level is 20. *See* PSR ¶ 146; Plea Agreement ¶ 10(a) ("United States and [the Defendant] agree"). The base offense level should be increased by 2 levels because the offenses involved at least three firearms. *See* PSR ¶ 147; Plea Agreement ¶ 10(b) ("United States and [the Defendant] agree"). The base offense level should be increased an additional 4 levels because one of the firearms had an obliterated serial number. *See* PSR ¶ 148; Plea Agreement ¶ 10(b) ("United States and [the Defendant]also agree"). Finally, the base offense level should be increased an additional 4 levels because the Defendant possessed any firearm or ammunition in connection with another felony offense. *See* PSR ¶ 149; Plea Agreement ¶ 10(b) ("United States and [the Defendant] further agree"). Hence, the Defendant's adjusted offense level is 30. *See* PSR ¶ 153.[4]

---

[3]  On review, a sentence is subject to a three-part standard. A sentencing court's application of the Guidelines to the facts of a case is reviewed for abuse of discretion and a court's factual findings are reviewed for clear error. *See United States v. Cantrell*, 433 F.3d at 1279-80. Courts of appeals apply a presumption of reasonableness to a sentence that reflects a proper application of the Guidelines and that falls within the advisory sentencing range. *See Rita v. United States*, 551 U.S. 338, 127 S.Ct. 2456, 2462 (2007).

[4]  As noted in the PSR, the counterfeiting offenses add no incremental increase in the Defendant's total offense level under a grouping analysis. *See* PSR ¶¶ 154-62.

After a 3 level reduction for the Defendant's timely acceptance of responsibility (*see* PSR ¶¶ 163-64), his total offense level is 27. With a Criminal History category V ((*see* PSR ¶¶ 203-31),[5] the Defendant's advisory Guidelines sentencing range is 120-150 months.

Pursuant to the Plea Agreement, "[the Defendant] and the United States acknowledge that they are free to make whatever sentencing recommendations they deem are appropriate **within** the applicable Guidelines sentencing range." Plea Agreement, ¶ 11 (emphasis added). Here, the statutory maximum penalty for the firearms-related counts of convictions is 120 months.

### 1. Effect of Grouping

As noted above, the counts of conviction relating to the counterfeiting offenses have no effect on the Defendant's total offense level under a grouping analysis. *See* PSR ¶¶ 154-62. The Guidelines provide that where, as in the instant case,

> there are several groups and the most serious offense is considerably more serious than all of the others, there will bo no increase in the offense level resulting from the additional counts. Ordinarily, the court will have latitude to impose added punishment by sentencing toward the upper end of the range authorized for the most serious offense.

USSG § 3D1.4, comment. (backg'd.). However, other than the absolute low end, the 120-150 month sentencing range exceeds the statutory maximum penalty for each of the firearms-related counts of conviction – the most serious offenses.

---

[5] The Defendant's only serious contention regarding his Criminal History computation relates to a 2006 Assault conviction for which he received a 365 day suspended sentence, subject to a 24 month term of probation. PSR ¶ 222. This conviction is properly assessed one Criminal History point. *See* USSG § 4A1.1(c).

United States' Sentencing Memorandum - 4
P90914DD.JHB.wpd

## 2. Consecutive v. Concurrent Sentence

By way of the Plea Agreement in cause number CR-08-150-WFN, the parties acknowledged that, "while the Court has the authority to impose consecutive sentences for each conviction, the advisory Guidelines provide that the sentence imposed for multiple convictions 'shall be the total punishment as determined in accordance with [the combined offense level computation].' *See* USSG § 5G1.2(b)." Plea Agreement, ¶ 10(e.). In this vein, the parties also acknowledged that the firearms-related counts of conviction "carry no statutory requirement that any term of imprisonment imposed on each Count be run consecutively." Plea Agreement, ¶ 10(e.).

The Guidelines provide that if the sentence imposed on the count carrying the highest statutory maximum penalty – in this case 120 months – is less than the total punishment, "then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment." USSG § 5G1.2(d).

Recognizing that the imposition of any partially consecutive sentence is a discretionary determination by the Court, the United States and the Defendant agreed "to recommend that the Defendant serve his sentence in [cause number 09-CR-0173-RHW-7] **concurrent** to any sentence imposed under cause no. CR-08-150-WFN." Plea Agreement, ¶ 7(b.) (cause number 09-CR-0173-RHW-7).

**B.    Step Two: Consideration of the Factors under 18 U.S.C. § 3553**

To comply with the requirements of *Booker*, a sentencing court must not only considered the Guidelines, but must consider the factors identified in 18 U.S.C. § 3553(a). "This requirement does not necessitate a specific articulation of each factor separately, but rather a showing that the district court considered the statutorily-designated factors in imposing a sentence ." *See United States v.*

United States' Sentencing Memorandum - 5
P90914DD.JHB.wpd

*Knows His Gun*, 438 F.3d 913, 918 (9th Cir.2006).[6] The factors a sentencing must consider are the nature and circumstances of the offense and the history and characteristics of the defendant. The sentencing court must also consider the need for the sentence imposed to: reflect the seriousness of the offense; promote respect for the law; provide just punishment; afford adequate deterrence to criminal conduct; protect the public from further crimes of the defendant; provide the defendant with needed educational training, medical care, or other correctional treatment. A sentencing court must also consider "the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

          1.    <u>Nature and circumstances of the offenses</u>

The nature and circumstances of the firearms-related offenses are serious. The Defendant had numerous firearms in his possession, along with significant quantities of controlled substances. The number, type, obliterated serial number, and circumstances under which the Defendant possessed the firearms weigh in favor of a lengthy sentence. Moreover, the Defendant was involved in a fairly sophisticated counterfeiting scheme for which he should be held accountable.

          2.    <u>History and characteristics of the defendant</u>

The Defendant's history and characteristics are vexing. He has a long-term criminal history, much of which is not factored into his Criminal History computation. He began his string of criminal behavior at age ten in 1991. His adult criminal convictions included violent crime (First Degree Robbery, PSR ¶ 203 and Assault, PSR ¶ 222) as well as drug-related crimes (Possession of Marijuana, PSR ¶ 206 and Possession of Cocaine, PSR ¶ 215). He has limited formal education, receiving a GED while incarcerated ( PSR ¶ 260) and has

---

[6] *See also Rita v. United States*, – U.S. -- , 127 S.Ct. 2456, 2462 (2007).

United States' Sentencing Memorandum - 6
P90914DD.JHB.wpd

extremely limited employment history, having been unemployed without a viable means of financial support since 2007.

Significantly, the Defendant has three children for whom it appears he provides little, if any, financial assistance.

This factor fully supports a stiff sentence.

### 3. Reflect the seriousness of the offense

It goes without saying that possessing numerous firearms, as well as significant amount of drugs, and engaging in counterfeiting activity are extremely serious offenses. This factor weighs in favor of a sentence that includes not only incarceration, but a lengthy term of oversight.

### 4. Promote respect for the law

The Defendant's criminal history speaks for itself. A lengthy sentence should plainly get the Defendant's attention. This factor also weighs in favor of a lengthy sentence.

### 5. Provide just punishment

The Defendant needs to be punished for all of his criminal conduct. A sentence can be fashioned to provide adequate punishment that would support the purpose and policy of the Federal Sentencing Act, 18 U.S.C. § 3553(a). Any such sentence can and should include the conditions and special conditions set forth in the Addendum to the PSR.

### 6. Afford adequate deterrence to criminal conduct

A sufficient term of oversight, such as a three-year term of supervised release, will subject the Defendant to judicial supervision after he is released from incarceration. Such oversight will plainly afford a deterrence to future criminal conduct.

### 7. Protect the public from further crimes of the Defendant

This factor weighs in favor of a lengthy term of incarceration. Given the Defendant's long criminal history, his involvement with firearms and drugs, and

United States' Sentencing Memorandum - 7
P90914DD.JHB.wpd

his counterfeiting activities, the Defendant activities plainly demonstrate a clear risk to the public.

8. <u>Provide educational training, medical care, or other correctional treatment</u>

This factor weighs in favor of fashioning a sentence that includes the conditions and special conditions set forth in the Addendum to the PSR.

## Conclusion

Based on the foregoing, the United States respectfully submits that this Court should impose, at a minimum, a 120-month term of incarceration, to be followed by a three-year term of supervised release. Any such sentence would be "reasonable" under the facts and circumstances of these cases and would not be greater than necessary to promote the purpose and policy of the Federal Sentencing Act, 18 U.S.C. § 3553(a).

DATED September 14, 2009.

James A. McDevitt
United States Attorney

*s/Joseph H. Harrington*

Joseph H. Harrington
Assistant United States Attorney

United States' Sentencing Memorandum - 8
P90914DD.JHB.wpd

1  I hereby certify that on September 14, 2009, I electronically filed the
2  foregoing with the Clerk of the Court using the CM/ECF System which will send
3  notification of such filing to the following, and/or I hereby certify that I have
4  mailed by United States Postal Service the document to the following non-
5  CM/ECF participant(s):

Mr. Terence M. Ryan
Attorney at Law
1304 West College
Spokane, Washington 99201

*s/Joseph H. Harrington*

Joseph H. Harrington
Assistant United States Attorney

United States' Sentencing Memorandum - 9
P90914DD.JHB.wpd